**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000142**
**27-JUN-2023**
**02:12 PM**
**Dkt. 76 SO**

NO. CAAP-20-0000142

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MICHAEL OLEKSA and ERICA OLEKSA, Plaintiffs-Appellants, v.
DONALD C. CHAIKIN, JERRY SULLIVAN, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0628(2))


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Plaintiffs-Appellants Michael and Erica Oleksa (the
**Oleksas**) appeal from the February 12, 2020 "Final Judgment in
Favor of Defendants[-Appellees Donald C. Chaikin **(Chaikin**) and
Jerry Sullivan (**Sullivan**) (collectively **Defendants**)] and Against
[the Oleksas]," entered by the Circuit Court of the Second
Circuit (**Circuit Court**).[1]  The Oleksas also challenge the Circuit
Court's February 12, 2020 "Order: (1) Granting . . . Sullivan's
Motion for Summary Judgment (Filed 1/3/2020); (2) Granting . . .
Chaikin's Motion for Summary Judgment (Filed 1/3/2020); and (3)
Denying [the Oleksas'] Request for Extensions and Continuances of
All Pending Proceedings (Filed 1/21/2020)" (**MSJ Order**).

On appeal, the Oleksas contend that the Circuit Court:
(1) "failed to render summary judgment on the merits of the case
pursuant to [Hawaiʻi Rules of Civil Procedure] Rule 56, but

_____
[1]  The Honorable Peter T. Cahill presided.

instead in the guise of summary judgment entered a dismissal sanction"; and (2) abused its discretion in entering "a dismissal sanction," by "not consider[ing] less severe sanctions" and "miscalculat[ing] any prejudice to [Defendants] had a continuance been granted."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Oleksas' contentions as follows and affirm.

The Oleksas' points of error are both premised on the contention that the Circuit Court, "in the guise of summary judgment[,] entered a dismissal sanction for not attending the summary judgment hearing and for other alleged pretrial misconduct . . . ." That contention is not supported by the record.

We review a trial court's grant or denial of summary judgment de novo using the same standard applied by the trial court. Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)).

> Where the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the non-moving party-plaintiff
>
> > fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007) (emphases omitted) (quoting Hall v. State, 7 Haw. App. 274, 284, 756 P.2d 1048, 1055 (1988)). Further, a defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non[]movant's claim, or (2) demonstrating that the nonmovant will be unable to carry his or her burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). In other words, the movant's "burden may be discharged 'by demonstrating that if the case went to trial, there would be no competent evidence to support a judgment for his or her opponent.'" Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240, 361 P.3d 454, 467 (2015) (ellipsis and brackets omitted) (quoting Young v. Planning Comm'n of the Cnty. of Kauai, 89 Hawaiʻi 400, 407, 974 P.2d 40, 47 (1999)).

"Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)).

Here, the Oleksas filed a complaint that appears to allege personal injuries caused by Chaikin and Sullivan. Three years later, following discovery, Chaikin and Sullivan each filed a motion for summary judgment. Both motions were supported by declarations, deposition testimony, and documentary evidence.

Chaikin's motion for summary judgment construed the Complaint as asserting claims against him for breach of fiduciary duty and intentional infliction of emotional distress (**IIED**). Chaikin argued, among other things, that the Oleksas could not establish a fiduciary relationship between Chaikin and the Oleksas, and there were "no admissible or material facts" to support the elements of the IIED claim.  In particular, Chaikin produced support, including his declaration and related exhibits, for his contention that the Oleksas could not establish circumstances giving rise to a fiduciary relationship between Chaikin and the Oleksas.  Chaikin also produced support, including his declaration and related exhibits, for his contention that the Oleksas could not establish the outrageous conduct element of IIED.

Sullivan's motion for summary judgment construed the Complaint as asserting an IIED claim against her.  She argued, among other things, that there was "no admissible or material evidence" to support the IIED element that she engaged in outrageous conduct against the Oleksas.  In particular, Sullivan produced support, including her  declaration and related exhibits, for her contention.

Based on our de novo review of Defendants' respective summary judgment submissions, we conclude that Chaikin and Sullivan each met their initial burden of production as to the claims asserted against them in the Complaint.  See Nozawa, 142 Hawaiʻi at 338, 418 P.3d at 1194; Ralston, 129 Hawaiʻi at 60, 292 P.3d at 1290.  The Oleksas do not argue otherwise on appeal.

The Oleksas did not file an opposition to either motion for summary judgment and did not attend the January 22, 2020 hearing on the motions.  On January 21, 2020, the day before the hearing, the Oleksas' then-counsel, Gary Victor Dubin (**Dubin**), filed a document entitled, "Notice of Illness of Plaintiffs' Counsel and Inability to Attend January 22, 2020 Hearings, and Request for Extensions and Continuances of All Pending Proceedings" (**Request**).  In the Request, Dubin stated that he was ill and had been unable to file opposition papers, and requested "that all case deadlines be extended and continued for at least

4

30 days."  In an accompanying declaration, Dubin further stated that he would be "at the doctor's office" during the hearing the next day, he could not appear by telephone, and no member of his firm was sufficiently knowledgeable about the case to attend the hearing.

At the January 22, 2020 hearing, the Circuit Court ruled as follows:

> I've read the motions.
>
> . . . [Defendants] still have to be able to prove there are no material questions of fact in dispute and that [they]'re entitled to judgment as a matter of law.  The moving papers establish that.  There is nothing in opposition.
>
> The idea that you call or you submit papers the day before and say I can't come, well, the deadline to file a written response was a while ago.  The motions were filed on January 3rd.  Something should have been done at that point.
>
> So I will grant those two motions.

On February 12, 2020, the court entered the MSJ Order, which stated, in relevant part:

> The Court, after having carefully considered the Motions, the Exhibits and other submittals in support of the Motions, the Request, the arguments of counsel, and the records and files of this action, and for good cause showing, hereby FINDS, CONCLUDES, and ORDERS as follows:
>
> 1. Defendant Sullivan's Motion is GRANTED.  There are no genuine issues of material fact and Defendant Sullivan is entitled to summary judgment as a matter of law on all claims alleged against her in Plaintiffs' Complaint filed December 23, 2016 ("Complaint").  All claims asserted against Defendant Sullivan are hereby DISMISSED WITH PREJUDICE.
>
> 2. Defendant Chaikin's Motion is GRANTED.  There are no genuine issues of material fact and Defendant Chaikin is entitled to summary judgment as a matter of law on all claims alleged against him in Plaintiffs' Complaint.  All claims asserted against Defendant Chaikin are hereby DISMISSED WITH PREJUDICE.

The MSJ Order also denied the Oleksas' request for extensions and continuances for a variety of reasons, including that the Oleksas were represented by two attorneys of record in addition to Dubin, and the Request failed to address why those attorneys did not file any opposition to the motions or attend the January 22, 2020 hearing.

Accordingly, the record reflects that the Circuit Court granted the motions for summary judgment because the Defendants met their initial burden of showing there was no genuine issue of material fact, and the Oleksas, by failing to file any opposition to the motions and to appear at the hearing, failed to demonstrate specific facts that presented a genuine issue worthy of trial. The Oleksas point to no evidence in the record supporting their argument that the Circuit Court, "in the guise of summary judgment[,] entered a dismissal sanction for not attending the summary judgment hearing and for other alleged pretrial misconduct[.]" Their argument thus lacks merit. Moreover, because the Circuit Court did not enter a "dismissal sanction," it did not abuse its discretion by doing so.[2]

For these reasons, the following judgment and order entered on February 12, 2020, by the Circuit Court of the Second Circuit are affirmed: the "Final Judgment in Favor of Defendants and Against Plaintiffs" and the "Order: (1) Granting Defendant Jerry Sullivan's Motion for Summary Judgment (Filed 1/3/2020); (2) Granting Defendant Donald C. Chaikin's Motion for Summary Judgment (Filed 1/3/2020); and (3) Denying Plaintiffs' Request for Extensions and Continuances of All Pending Proceedings (Filed 1/21/2020)."

DATED: Honolulu, Hawaiʻi, June 27, 2023.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Frederick J. Arensmeyer and
Matthew K. Yoshida
(Dubin Law Offices)                     /s/ Katherine G. Leonard
for Plaintiffs-Appellants.              Associate Judge

John D. Zalewski and
Michelle J. Chapman                     /s/ Clyde J. Wadsworth
(Case Lomardi & Pettit)                 Associate Judge
for Defendants-Appellees.

---

[2] The Oleksas do not specifically challenge the denial of their request for extensions and continuances. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7). In any event, the Circuit Court did not abuse its discretion in denying that request in these circumstances. The Oleksas were represented by two attorneys in addition to Dubin, all of whom had an obligation as counsel of record to properly represent their clients and none of whom filed an opposition or timely response to the summary judgment motions.